UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO

In Re: )
) **JUDGE RICHARD L. SPEER**
David and Phoebe Johnson )
) Case No. 08-33648
Debtor(s) )
)

## DECISION AND ORDER

This cause comes before the Court on the Motion of Wells Fargo Bank, N.A., for relief from stay. (Doc. No. 142). At the Hearing, the Court, pursuant to 11 U.S.C. § 105(a), dismissed the case of the Debtor, Phoebe Johnson, *sua sponte*. For this decision, the record of this case shows as follows:

On July 11, 2008, the Debtor, Phoebe Johnson, filed a petition in this Court for relief under Chapter 13 of the United States Bankruptcy Code. (Doc. No. 1). Prior to the commencement of this case, the Debtor had been before this Court on two separate occasions: (1) a Chapter 7 case filed in 1995, Case No. 95-31423; the Debtor received a discharge in this case on October 15, 1995; and (2) a Chapter 7 case filed in 2005, Case No. 05-30888; the Debtor received a discharge in this case on June 9, 2005.

On February 3, 2012, the Creditor, Wells Fargo Bank, N.A., filed the Motion now before the Court for relief from stay on property owed by the Debtors, David and Phoebe Johnson, located at 1730 Frail Road, Lima Ohio. (Doc. No. 142). As a basis for this Motion, the Creditor set forth that the Debtors have failed to make periodic payments on its claim since December of 2011.

The Debtor, Phoebe Johnson, responded to the Creditor's Motion for relief from stay by filing a number of pleadings. The nature and legal basis for these pleadings were not easily

In re: David and Phoebe Johnson
Case No. 08-33648

discernable. For example, the second pleading filed with the Court on March 13, 2012, set forth this Caption:

> Private
> This is not a public communication
> Allen County, Ohio Country
> Continental North America Republic
> Silence is acquiescence, Agreement, and Dishonor
> This is a Self-Executing Contract
> Notice of International Commercial Claim within the Admiralty
> ab initio Administrative Remedy
> [28 U.S.C. § 1333, § 1337, § 2461 and § 2463]
> FIRST NOTICE OF FAULT AND DEMAND FOR PAYMENT

(Doc. No. 152). The other pleadings filed by the Debtor, Phoebe Johnson, with the Court were similar in form and in substance. (Doc. No. 147, 158, 160 & 161).

Section 1307(c) provides that, upon a request of a party in interest, a court may dismiss a debtor's Chapter 13 case for "cause." Moreover, whether in conjunction with this provision, or as an independent basis, § 105(a) of the Bankruptcy Code authorizes dismissal of a debtor's case on the Court's own Motion. *Tennant v. Rojas (In re Tennant)*, 318 B.R. 860, 869–70 (9th Cir. B.A.P. 2004). Cause for dismissal may arise, if after considering the totality of the circumstances, the court determines that under the particular facts of the case there has been an abuse of the provisions, purpose, or spirit of the Bankruptcy Code. *In re Alexander*, 363 B.R. 917, 925 (10th Cir. Cir. B.A.P. 2007).

In this case, there exists clear "cause" for the dismissal of the Debtor's case. First, because of her earlier Chapter 7 bankruptcy discharge in 2005, the Debtor, by operation of § 1328(f)(1), is not entitled to receive a discharge in this Chapter 13 case. Second, the Debtor has not made payments to the Creditor, Wells Fargo Bank, N.A, for a period exceeding three months. Third, the Debtor has filed a number of questionable pleadings in this Court. Finally, the Debtor, although

Page 2

In re: David and Phoebe Johnson
Case No. 08-33648

voluntarily seeking relief in this case, denied in open court that this Court had jurisdiction over her person and property.

Accordingly, for these reasons, it is

**ORDERED** that effective on March 22, 2012, at 1:50 P.M., the Debtor, Phoebe Johnson, is hereby dismissed as a debtor in this case.

Dated: March 22, 2012

_____
Richard L. Speer
United States
Bankruptcy Judge

Page 3